**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SILVIO CARDO,

Petitioner,

v.

Case No. 1:26-cv-02908-MIS-JFR

WARDEN, in his official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Silvio Cardo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 3, 2026. Petitioner filed a response ("Pet. Resp.") to the Court's Order to Show Cause on September 21, 2026, ECF No. 5. Respondents answered the Petition ("Response") on August 24, 2026, ECF No. 11.[1] Respondents request the Court deny the Petition, arguing that although Petitioner has been detained for more than six months while under a final order of removal, he is responsible for the delay in

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

his removal. Id. at 4. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition for the reasons set forth herein.

## I. Background

Petitioner is a Cuban citizen who has resided in the United States since August 17, 1995. Pet. at 11. On March 6, 1997, Petitioner was granted lawful permanent resident ("LPR") status. Id.; Resp. at Ex. A. However, on October 4, 1999, Petitioner was convicted of second-degree murder and was sentenced to a term of imprisonment of ten years. Pet. at 11; Resp. at A. On April 11, 2000, he received an order of removal, and the Executive Office for Immigration Review's ("EOIR") website indicates he did not appeal the order, making it administratively final. Pet. at 11; Resp. at Ex. B; EOIR. On May 23, 2007, when Petitioner completed his criminal sentence, he was transferred into the custody of United States Immigration and Customs Enforcement ("ICE"). Pet. at 11. He was released from ICE custody on August 22, 2027, under an order of supervision. Id. He was then detained by ICE again on October 31, 2025. Id. Since being detained in 2025, Petitioner has been held at various facilities and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Id. at 1, 3. In addition, during his current detention, Petitioner filed two previous habeas petitions in the Middle District of Florida: one on April 4, 2026, (Case No. 2:26-cv-01022-KCD-LPM ("Cardo I"), attached to Resp. at Ex. D) and the other on June 13, 2026, (Case No. 2:26-cv-02003-KCD-LPM) ("Cardo II"). Id. at 3.

In addition, the Government has attempted to remove Petitioner to Mexico during his current confinement. First, on December 16, 2025, ICE learned that Cuba had denied Petitioner's repatriation to Cuba. Resp. at Ex. E, ¶ 8. Then, on January 4, 2026, ICE informed Petitioner that it intended to remove him to Mexico and served him with a Notice of Removal that he refused to sign. Id. at ¶ 9. The next day, Petitioner refused to comply with removal efforts to Mexico (Cardo

I describes these efforts as a "sit in"). Id. at 10; Resp. at Ex. D at 5. On March 22, 2026, Petitioner was nominated for a removal flight to Mexico, and five days later refused to exit his housing pod for out-processing. Resp. at Ex. E, ¶¶ 12-13. On June 26, 2026, Petitioner refused to sign a Warning for Failure to Depart and Notice of Removal. Id. at ¶ 15. Since these refusals, Respondents have continued efforts to remove Petitioner to Mexico or a third country. Id. at ¶¶ 16-17. A Judge denied Petitioner's first petition, in Cardo I, without prejudice due to his failure to cooperate with removal efforts. Resp. at Ex. D.

On September 4, 2026, the Court ordered Petitioner to show cause why his Petition should not be dismissed noting that 8 U.S.C. § 1231(a)(1)(C) allows for the removal period to extend beyond a period of 90 days if "the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." ECF. No. 4. In his response to the Order to Show Cause, Petitioner omits much of the history noted above and described in the court's ruling in Cardo I. See generally ECF No. 5. Instead, Petitioner states that in January 2026, he "ultimately complied with the [removal order] by walking with ICE officers to the Mexico border where he was denied removal by Mexican officials after an interview. Id. at 2. He does not reference his refusal to leave his housing unit in March 2026, and instead simply states "no documents were produced for signature." Id. Finally, he states that in May 2026, he declined to sign documents informing him of ICE's intent to remove him to Mexico and that he "did not understand that his signature was required for Mexico to accept him." Id. He states that "he has complied with every effort made relating to his removal." Id. at 3.

## II. Legal Standards

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III. Analysis**

After entry of a final removal order and during the 90–day removal period ... aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. But:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C).

Petitioner argues that §1231(a)(1)(C) does not apply because he generally has cooperated with removal efforts except for refusing to sign certificates of service acknowledging he has been

provided notice of his removal. ECF No. 5 at 3. The record does not support Petitioner's assertion. Here, the record establishes the Petitioner twice acted on the cusp of removal to prevent it, once engaging in a "sit-in" as the Middle District of Florida has previously found and once refusing to leave his housing unit. See Resp. at Ex. D ("Cardo I") and E. Petitioner's subsequent refusal to complete paperwork contributes to the delay in further efforts to remove him. See Yu v. Castro, No. 2:26-CV-01100-MIS-LF, 2026 WL 1121989, at *3 (D.N.M. Apr. 24, 2026). Finally, Petitioner also offers no information, even an averment, to suggest he has stopped obstructing the removal process and instead distorting and minimizing his obstructive actions. See generally ECF No. 5.

"The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention." Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (10th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)). That is the case here, though the Court does not rule out the possibility that Petitioner's detention may, at some point, become unreasonably indefinite, if for example, he starts to cooperate with removal efforts and neither Mexico nor a third country accepts him or the government makes no showing that it continues to make efforts to effectuate his removal. Therefore, the Court will deny the Petition without prejudice.

Accordingly, it is **HEREBY ORDERED** that Petitioner Silvio Cardo's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE